**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **DENNIS YARBROUGH**, <br><br> *Plaintiff*, <br><br> v. <br><br> **LA PLATA COUNTY POLICE OFFICERS,** *et al.*, <br><br> *Defendants*. | Case No. 25-cv-3504 (TSC) |

## <u>OPINION & ORDER</u>

Plaintiff Dennis Cliatt Yarbrough, proceeding *pro se*, sues six named Durango, Colorado Police Department officers, six unidentified Doe officers, and the Durango Police Department under 42 U.S.C. §§ 1983, 1985, and 1986. *See* Am. Compl. at 2–3, ECF No. 7. His claims arise out of an allegedly warrantless seizure and arrest at a tavern in Durango, Colorado, and the ensuing detention, transport, and custodial processing. *See id.* at 16–18. Six motions are before the court: Plaintiff's Motion to Compel Officer Disclosure, ECF No. 4; Motion to Compel Production of Body Camera Footage, ECF No. 8; Motions for Entry of Default, ECF Nos. 13, 14, 15; and Motion to Compel Doe Identification, ECF No. 16.

As a threshold matter, venue in this District is improper. A civil action may be brought in (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located"; (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred"; or (3) if no other district is appropriate, "any judicial district in which any defendant is subject to the court's personal jurisdiction." 28 U.S.C. § 1391(b). None of the alleged events occurred in D.C., no defendant is alleged to have any connection to this

District, and the action could have been brought in the District of Colorado, where Plaintiff alleges the relevant events occurred and the named Defendants reside or operate.

Accordingly, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Transfer rather than dismissal serves the interest of justice: Plaintiff expressly requests it, *see* Am. Compl. at 5, 35, he proceeds without counsel, and transfer preserves his filing date and spares him the burden of refiling. Because the case will be transferred, the court declines to resolve Plaintiff's pending motions and will deny them without prejudice to renewal before the transferee court.

For the foregoing reasons, it is hereby ORDERED that this action is TRANSFERRED to the United States District Court for the District of Colorado. It is further ORDERED that Plaintiff's Motion to Compel Officer Disclosure, ECF No. 4; Motion to Compel Production of Body Camera Footage, ECF No. 8; Motions for Entry of Default, ECF Nos. 13, 14, 15; and Motion to Compel Doe Identification, ECF No. 16, are DENIED without prejudice to renewal, as appropriate, before the transferee court.[1] The Clerk of Court is directed to transfer this action to the United States District Court for the District of Colorado and close this case.

Date: July 22, 2026

*Tanya S. Chutkan*
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
TANYA S. CHUTKAN
United States District Judge

---

[1] To the extent ECF No. 15 requests clarification of the docket, ECF Nos. 13 and 14 are substantively identical requests for entry of default, the latter received two days after the former. Neither was rejected, stricken, or referred, and both remained pending until this Order.